**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT MARQUEZ ACOSTA, | ) Case No.: 1:15-cv-01765-BAM |
| Plaintiff, | ) |
| v. | ) **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Gilbert Marquez Acosta ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this action.
[2] The parties have consented to the jurisdiction of the United States Magistrate Judge for all proceedings in this case, including entry of final judgment. (Docs. 7, 8).

evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed his application for supplemental security income on January 6, 2012. AR 166-74.[3] Plaintiff alleged that he became disabled on January 1, 2011. AR 166. Plaintiff's application was denied initially and on reconsideration. AR 104-08, 112-16. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ John Cusker held a hearing on March 12, 2014, and issued an order denying benefits on May 15, 2014. AR 15-28, 33-55. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-4, 8. This appeal followed.

### Hearing Testimony

The ALJ held a hearing on March 12, 2014, in Fresno, California. AR 33-55. Plaintiff appeared and was represented by attorney Michael Goldberg. AR 35. Impartial Vocational Expert Jose Chaparro also appeared and testified. AR 35, 49-54.

At the time of the hearing, Plaintiff was 50 years old, 5'11" tall and 230 pounds. In response to questions from the ALJ, Plaintiff testified that he has a 10th grade education and can read and write. His last job was about three years prior to hearing, when he worked in onions, lifting, sweeping and sorting, and also worked in figs. In the last fifteen years, he has done warehouse work, tire shop work and farm labor. However, he did not work between 2000 and 2005, and had not worked since December 12, 2011. AR 36-42.

In response to questions about his ability to work, Plaintiff testified that his ability is limited because he cannot stand on his feet more than an hour or two due to numbness from diabetes. He also cannot stand because of his back, and he has trouble with his hearing. AR 42.

When asked about his medications, Plaintiff testified that he takes medication for diabetes, along with medication for dizzy spells, vertigo, anxiety and depression. He also has been taking

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

1  methadone for 10 to 15 years, which helps with back pain.  Plaintiff reported that he tests his blood
2  sugars, but they are not controlled. He does not have side effects from medication. AR 42-44, 46-47.
3       In response to questions about his daily activities, Plaintiff testified that he is able to dress and
4  bathe himself without help.  He does not cook, but sometimes helps with dishes, mows the lawn, rakes
5  leaves and cleans house.  He also plays videogames about four hours each day.  AR 45-46.  He can
6  walk about half a block to a block, but cannot stand and walk for two hours.  He can bend and squat,
7  but can only lift about five pounds.  He can sit for two hours at a time, but will have to get up and walk
8  around for a little bit.  AR 47-48.
9       In response to questions from his attorney, Plaintiff confirmed that he had knee surgery in
10 1999, and he still has pain.  He declined surgery on the other knee.  Plaintiff also testified that he does
11 not sleep for long because he needs to urinate every two to three hours.  However, he is able to sleep
12 during the day.  AR 48-49.
13      Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE")
14 Jose Chaparro.  The VE testified that Plaintiff's past work was classified as warehouse work, fruit
15 harvest worker, agricultural produce packer, tire repairer and tractor operator.  AR 50-51.  For the first
16 and only hypothetical, the ALJ asked the VE to consider a hypothetical individual with the same age,
17 education and work experience as Plaintiff.  This individual could lift and/or carry 20 pounds
18 occasionally and 10 pounds frequently, could stand and sit without restriction, could walk for one hour
19 at a time without interruption and for three to four hours total in an eight-hour workday.  This
20 individual had no limitations with regard to the use of his hands or feet, but should wear proper
21 footwear because of diabetes.  This individual could do all postural activities frequently, but not
22 continuously.  This individual could maintain concentration and relate appropriately to others in a job
23 setting, could handle funds in his own best interest, could understand, carry out and remember simple
24 instructions, and could respond appropriately to usual work situations, such as attendance and safety,
25 and changes in routine would not be very problematic.  The VE testified that all of Plaintiff's past
26 work would be precluded, but there are other jobs that this individual could perform, such as cashier
27 II, ticket seller, and sub assembler.  AR 52-54.
28 ///

**Medical Record**

The entire medical record was reviewed by the Court. AR 256-354. The relevant medical evidence is referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 18-28. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 12, 2011, his claim application date. AR 20. Further, the ALJ identified diabetes mellitus, obesity, poly substance abuse in partial remission, possible adjustment disorder, borderline intellectual functioning and possible personality disorder as severe impairments. AR 20. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 20-22.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry up to 20 pounds occasionally, 10 pounds frequently, could stand and sit without restriction, could walk for 1 hour without interruption, and for 3-4 hours (total) in an 8-hour workday. He had no limitations in regard to his hands or feet, but must wear proper footwear because of diabetes. He could perform all postural activities frequently, but not continuously. He could maintain concentration, and relate appropriately to others in a job setting, was able to handle funds in his own best interest, could understand, remember and carryout simple instructions, could respond appropriately to usual job situations, such as attendance and safety, and changes in routine would not be problematic. AR 22-26. The ALJ found that Plaintiff could not perform any of his past relevant work, but there were jobs existing in significant numbers in the national economy that he could perform. AR 26-27. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act since December 12, 2011. AR 27-28.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff's sole argument is that the ALJ erred in rejecting Plaintiff's credible testimony. The Commissioner counters that the ALJ articulated specific reasons supported by substantial evidence for finding Plaintiff's allegations of disabling symptoms and functional limitations not credible.

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only if he makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."). Factors an ALJ may consider include: (1) the claimant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

At the first step of the analysis, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 26. At the second step, however, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible. In so finding, the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff not fully credible. AR 26.

First, the ALJ considered that Plaintiff's testimony regarding his daily activities, including the ability to play video games for 4 hours a day and perform some yard work and light household chores, were inconsistent with allegations suggesting a less than sedentary residual functional capacity. AR 26. An ALJ properly may consider a claimant's daily activities when assessing credibility, including inconsistencies between a claimant's statements and activities. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (one factor considered when assessing credibility includes whether the claimant engages in daily activities inconsistent with the alleged symptoms); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may consider inconsistencies in claimant's testimony or

between claimant's testimony and conduct). Here, Plaintiff testified that he played video games for 4 hours each day, and could perform some household chores, including washing dishes, mowing the lawn or raking the leaves. AR 45-46. It was not error for the ALJ to infer that the ability to engage in yard work and household chores was inconsistent with allegations suggesting a "*less than sedentary* residual functional capacity . . . ." AR 26 (emphasis added). *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (ALJ permitted to make inferences "logically flowing from the evidence").

Plaintiff argues that his daily activities do not provide any indication that he is capable of performing substantial gainful work activity. (Doc. 17 at 12). However, the ALJ did not equate Plaintiff's daily activities with work activity. Instead, the ALJ found that Plaintiff's daily activities were inconsistent with the alleged severity of Plaintiff's physical limitations. AR 26. An ALJ is not precluded from considering whether a claimant's daily activities are inconsistent with the severity of symptoms alleged. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly determined that the claimant's daily activities "did not suggest [the claimant] could return to his old job . . . , but . . . did suggest that [the claimant's] later claims about the severity of his limitations were exaggerated"). Even if the activities do not constitute substantial gainful activity, they may still contradict allegations of disabling limitations. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms," and those activities may be "grounds for discrediting the claimant's testimony to the extent that the contradict claims of a totally debilitating impairment").

Second, the ALJ properly discounted Plaintiff's credibility because of inconsistencies in Plaintiff's testimony regarding his compliance with medications. AR 26. An ALJ may consider a Plaintiff's inconsistent testimony and allegations when evaluating credibility. *Thomas*, 278 F.3d at 958; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony.") (citation omitted). An ALJ also may consider an unexplained, or inadequately explained, failure follow a prescribed course of treatment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (same). In this instance, the ALJ found that although

Plaintiff testified that he was compliant with his medications, the record showed otherwise. AR 26. At the hearing, Plaintiff reported that he was compliant with his medications. AR 44. In contrast, Plaintiff's treatment providers made multiple notations in the medical record that Plaintiff's diabetes was "poorly controlled, probably secondary to . . . not taking insulin regularly" and he had "poor adherence" or "poor control." AR 271, 324, 325, 326, 327.

Third, the ALJ discounted Plaintiff's credibility because he did not seek or receive treatment from a mental health specialist despite alleging a mental impairment. AR 26. As Plaintiff points out, in *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996), the Ninth Circuit recognized that "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness" and cautioned that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Id.* at 1465 (citations omitted). However, Plaintiff has not cited any evidence suggesting that he was unaware of his potential mental illness or that his failure to secure mental health treatment was attributable to his mental illness rather than his own preference. Plaintiff's reliance on *Nguyen* is therefore misplaced. *See Molina*, 674 F.3d at 1114 (holding that where there was no medical evidence that the claimant's resistance to treatment "was attributable to her mental impairment rather than her own personal preference," the ALJ properly considered the claimant's failure to seek mental health treatment).

Fourth, the ALJ also discounted Plaintiff's statements because they were unsubstantiated by the objective medical evidence. AR 25-26. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"). According to the record, the ALJ gave great weight to opinion evidence from Dr. Steven Stoltz, who examined Plaintiff and found that he had no back pain with knee extensions, negative straight leg raising, no direct spinal tenderness and forward flexion that was remarkably good. His strength was 5/5 in all extremities and his gait was

within normal limits. Although Plaintiff reported positive for dizziness with possible vertigo and probable diabetic neuropathy, Dr. Stoltz opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, could sit and stand without restriction, could walk for one hour at one time without interruption and three to four hours total in an eight-hour workday. He had no limitations with the use of his or feet, but should wear proper footwear because of diabetes. Dr. Stoltz also found that Plaintiff could do postural activities on a frequent, but not continuously. He did not appear to have any gross hearing or vision loss   AR 25, 256-61. The ALJ also afforded great weight to mental health evidence from Dr. Steven Swanson, who opined that Plaintiff could maintain concentration and relate appropriately to others in a job setting, would be able to handle funds in his own best interests, could understand, carry out and remember simple instructions, could respond appropriately to usual work situation and changes in routine would not be very problematic. Dr. Swanson concluded that Plaintiff did not appear to have substantial restrictions in daily activities. AR 25, 286-92. Dr. Swanson found that Plaintiff did not have a mental impairment that would limit Plaintiff's ability to engage in work activity. AR 293. Plaintiff has not challenged the ALJ's decision to afford greater weight to the opinions and findings of these physicians.

Plaintiff also has not pointed to objective medical evidence supporting his statements regarding the limiting effects of pain or other symptoms, but has challenged the ALJ's credibility finding that his vertigo "cannot be attributed to a medically determined impairment (see, e.g., Exhibit 10F (listing the claimant's "active" problems)). AR 26. Plaintiff correctly notes that the medical record supports symptoms of vertigo. AR 258. Therefore, the ALJ's finding specific to vertigo is not a clear and convincing reason for discounting Plaintiff's credibility. Although this reason may have been in error, however, the ALJ's credibility determination will not be disturbed because there is substantial evidence to support the ALJ's other conclusions. *See, e.g., Batson*, 359 F.3d at 1197 (upholding ALJ's credibility determination even though one reason may have been in error).

For these reasons, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's credibility, which were supported by substantial evidence in the record.

///

///

9

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Gilbert Marquez Acosta.

IT IS SO ORDERED.

Dated:  **March 21, 2017**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE